**DLD-408**                                                 **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 07-3364
_____

IN RE: AARON CEDRIC LONDON,

                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 01-cr-00001-1E)
_____

Submitted Under Rule 21, Fed. R. App. P.
September 27, 2007

Before: BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed: October 15, 2007)

_____

OPINION
_____

PER CURIAM

      Petitioner Aaron Cedric London was convicted in 2001 of bank robbery and related charges for robbing the Northwest Savings Bank in Erie, Pennsylvania. We denied his direct appeal in 2002, and a motion to vacate the conviction or sentence under 28 U.S.C. § 2255 was denied in 2004. He did not seek a certificate of appealability from this Court with respect to the denial of his § 2255 motion.

London has now filed a mandamus petition requesting that we dismiss the three counts of the indictment, release him from federal custody and expunge his convictions. He claims that the district court lacked jurisdiction to adjudicate his criminal matters and that the indictment was illegal. He claims that he has no other avenue of relief since he did not appeal the denial of his § 2255 motion and he does not meet the criteria for filing a second or successive motion under §§ 2244 and 2255.

A writ of mandamus will only issue under extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). A petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976).

London has not met the criteria here. A writ of mandamus is not a substitute for an appeal. See In re Ford Motor Co., 110 F.3d 954, 957 (1997). London's failure to appeal from the denial of his § 2255 motion and his asserted inability to meet the criteria under §§ 2244 and 2255 for filing a new motion do not present grounds worthy of this extraordinary remedy. Furthermore, London has not shown a clear and indisputable right to the relief sought. See Kerr, 426 U.S. at 403. London was charged under 18 U.S.C. § 2113, which defines "banks" as including "any member of the Federal Reserve System" and "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." Id., Subsection (f). London argues that because he was told that the Federal Deposit Insurance Corporation ("FDIC") does not insure deposits against theft,

the deposits he robbed from the bank were not insured by the FDIC, and the bank would not qualify as a bank covered under the bank robbery statute. London's jurisdictional argument based upon this theory, his "constitutional" or standing arguments, or any other basis presented in his memorandum completely lacks merit and fails to establish a clear and indisputable right to the relief sought.

    For the above reasons, we will deny the petition for writ of mandamus. Petitioner's motion for leave to file a memorandum greater than 30 pages is granted. The motions for counsel and oral argument are denied.