IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  )
)  1:01cr00001
v.  )  (1:19cv233)
)  Electronic Filing
**AARON CEDRIC LONDON**  )

## MEMORANDUM ORDER

AND NOW, this 29th day of August, 2019, defendant having obtained permission to proceed on a second or successive petition from the United States Court of Appeals for the Third Circuit by operation of [87] the Order of August 15, 2019; and defendant having filed [88] his Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255 with this court and [90] a Supplement to Motion to Correct Sentence Under 28 U.S.C. § 2255; and the court having given due consideration to 1) the motion as supplemented and 2) the current applicable law, IT IS ORDERED that the [88] the motion be, and the same hereby is, denied.

The history of this case as it relates to defendant's motion accurately is recounted in defendant's supplement to his motion to correct sentence under 28 U.S.C. § 2255. Defendant sought relief on the ground that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015) and as a result his 84 month consecutive sentence at count 3 for using or carrying a firearm during a crime of violence could no longer be valid. The Supreme Court agreed with movant in part and recently held in United States v. Davis, 139 S. Ct. 2319 (2019), that the residual clause in § 924(c)(3)(B) is unconstitutionally vague.

Notwithstanding the Supreme Court's holding in Davis, defendant is not entitled to relief and his sentence at count 3 remains valid. Defendant's crime of violence was bank robbery in

violation of 18 U.S.C. § 2113(a) (count 1) and armed bank robbery in violation of 18 U.S.C. § 2113(d) (count 2).  He was convicted of both of these offenses by a jury.  And the United States Court of Appeals for the Third Circuit has held that both bank robbery in violation of 18 U.S.C. § 2113(a) and armed bank robbery in violation of 18 U.S.C. § 2113(d) qualify as crimes of violence under 18 U.S.C. § 924(c)'s element of force clause.  See United States v. Johnson, 899 F.3d 191 (3d Cir. 2018) and United States v. Wilson, 880 F.3d 80 (3d Cir. 2018).  It follows that defendant's motion to correct sentence must be denied as foreclosed by the controlling authority and the above order properly has been entered.

                                                    s/David Stewart Cercone
                                                  David Stewart Cercone
                                                  Senior United States District Judge

cc:    Ross E. Lenhardt, AUSA
        Christian A. Trabold, AUSA
        Elisa A. Long, AFPD
        Renee Pietropaolo, AFPD

        (*Via CM/ECF Electronic Mail*)